Dear Congressman Jefferson:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The opinion request has been assigned to me for research and reply.
The issue for our review is whether a private security guard who is issued a license from the Louisiana State Board of Private Security Examiners must also receive a commission from the City of New Orleans to carry a firearm. We respond in the negative.
An armed security officer who carries a firearm to and from work is required to have in his possession a permit issued from the Board of Private Security Examiners. LSA-R.S. 37:3285 provides:
 "An armed security officer whose duties require the transporting of a firearm to and from the work assignment and his residence, or between assignments, shall be required to have in his possession an armed registration card issued by the board. This registration card does not permit the carrying of concealed weapons."
No further licensing requirements must be met, outside those provided in Chapter 47, LSA-R.S. 37:3270, et. seq. LSA-R.S.37:3297 provides, in part:
 "Upon said effective date, any provisions of any legislation, code, or ordinance, or rules promulgated by any local governmental subdivision of this state which relates to licensing, training, or regulation of licensees and registrants, as defined herein, shall be superseded by this Chapter." (Emphasis added).
The statute indicates any attempt on the local level to regulate in this area is superceded, and for this reason, the City of New Orleans may not validly pass legislation imposing additional requirements in this area.
Further, there is no statutory authority which allows a city to regulate the carrying of a weapon by a private security officer. The constitution protects the right of the private citizenry to keep and bear arms. LSA-Const. Art. 1, § 11. However, there are statutory limitations pertaining to private security guards who seek to use a concealed weapon in the course of their employment.
LSA-R.S. 14:95 prohibits the carrying of a concealed weapon, unless the individual holds a permit to carry a concealed weapon. A private security guard seeking to use a concealed weapon must obtain a concealed handgun permit. LSA-R.S.40:1379.1 provides, in part:
 "The chief law enforcement officer of a parish shall have the authority to issue a concealed handgun permit to an individual, which permit shall be valid only within the boundaries of the chief law enforcement officer's parish.
* * *
 The deputy secretary of the Department of Public Safety shall have the authority to grant to an individual a concealed handgun permit from the office of state police. Before the individual applies to the deputy secretary for a permit, he must have been granted a concealed handgun permit by the chief law enforcement officer of the parish in which he is officially domiciled."
In summary, an armed private security officer who carries a firearm to and from work is required to have in his possession a registration card issued by the Board of Private Security Examiners. Any city ordinance which further seeks to legislate in this area is superseded by state law. Finally, a private security guard who carries a concealed weapon must obtain a concealed handgun permit from the parish chief law enforcement officer.
We hope this interpretation of the law is helpful to you. The opinions of this office are not binding, but are solely advisory in nature. Should you have further inquiries regarding this matter, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0102E